UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROOSEVELT CHARLES BOOTH,

    Applicant,

v.                                                        CASE NO. 8:24-cv-336-SDM-CPT

STATE OF FLORIDA,

    Respondent.
_____/

**O R D E R**

    Booth applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges the validity of the state court's setting of pre-trial bail. Habeas relief under Section 2241 is the proper remedy if Booth is a pre-trial detainee. *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."). Booth represents that the bond was initially set at $100,000 in 2018 but later decreased to $60,000 in 2020, which he represents he could not afford.

    However, Booth is no longer a pre-trial detainee. Booth's return address is the Hardee Correctional Institution. A review of the website for the Florida Department

of Corrections shows that Booth is imprisoned for life for the same charges he asserts caused his pre-trial detention. Because he is imprisoned under a state court judgment and not in pre-trial detention awaiting disposition of charges, Booth must proceed under Section 2254 and not Section 2241 to challenge his current confinement. *Medberry*, 351 F.3d at 1054 (holding that an application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"). The denial of the application under Section 2241 is without prejudice to Booth's pursuing relief under Section 2254. Because the state court judgment was entered by the circuit court for Manatee County, Florida, Booth must proceed under Section 2254 in the Fort Myers Division of the Middle District of Florida.

The application for the writ of habeas corpus under Section 2241 (Doc. 1) is **DENIED**. The clerk must (1) enter a judgment against Booth and close this case and (2) send to Booth both the form for filing an application for the writ of habeas corpus under Section 2254 and the form for moving for leave to proceed *in forma pauperis*.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Booth is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."

To merit a COA, Booth must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Booth cannot proceed under Section 2241, Booth is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Booth must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on February 9, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE