UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROOSEVELT CHARLES BOOTH,

    Applicant,

v.                                                   CASE NO. 8:24-cv-336-SDM-CPT

STATE OF FLORIDA,

    Respondent.
_____/

**O R D E R**

      An earlier order (Doc. 2) denies Booth's application under 28 U.S.C. § 2241 for the writ of habeas corpus. The application challenged the validity of a state court's setting of pre-trial bail. At the time of the application, Booth was no longer a pre-trial detainee but was (and is) imprisoned for life in the custody of the Florida Department of Corrections. More than a year later Booth files a "Petition for Writ of Mandamus" (Doc. 4) in which he alleges that custody officials have subjected him to double jeopardy by repeatedly "sentencing" him to "administrative confinement," "disciplinary confinement," and "close management." Booth cannot obtain mandamus relief for two reasons.

      First, a district court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state official, or other state entity to perform a duty. *Lamar v. 118th*

*Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).[1] *See also Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010)[2] ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384); *Lawrence v. Miami-Dade County State Att'y Office*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought."). No authority exists to issue a mandamus in this action.

Second, notwithstanding the absence of jurisdiction, the Fifth Amendment's prohibition against double jeopardy applies only to successive criminal prosecutions, not civil matters such as a prisoner's housing assignment based on a disciplinary or custody dispute. *See Helvering v. Mitchell*, 303 U.S. 391, 398 (1938) (holding that the Double Jeopardy Clause is inapplicable to proceedings that are not "essentially

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

- 2 -

criminal"); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (holding that prison disciplinary proceedings are not part of a criminal prosecution); *Hudson v. United States*, 522 U.S. 93, 101 (1997) (noting that "the threshold question [is] whether the successive punishment at issue is a 'criminal' punishment"); *United States v. Mayes*, 158 F.3d 1215, 1223 (11th Cir. 1998) (holding that double jeopardy does not apply to a prison disciplinary proceeding); *Butler v. McDonough*, No. 2:06-CV-206-FTM-29SPC, 2007 WL 2071530, at *8 (M.D. Fla. July 17, 2007) (noting that double jeopardy "protections apply to criminal trials, not disciplinary hearings or subsequent inmate classifications utilized by jail officials to maintain safety and security at the jail"). *Accord State v. Jones*, 230 So. 3d 22, 23 (Fla. Dist. Ct. App. 2017) ("find[ing] that the Double Jeopardy Clause was never meant to impinge on remedial institutional discipline").

The "Petition for Writ of Mandamus" (Doc. 4) is **DENIED**.

ORDERED in Tampa, Florida, on March 31, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE